OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cincinnati Bar Association v. Nienaber.
[Cite as Cincinnati Bar Assn. v. Nienaber (1994),      Ohio St.3d     .]
Attorneys at law -- Misconduct -- Six-month suspension -- False
     statement of fact knowingly made -- Court-appointed
     attorney of indigent defendant sought reimbursement from
     public funds of certain expenditures wholly unrelated to
     defense of client.
     (No. 93-2521 --  Submitte January 26, 1994 -- Decided March 23, 1994.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-12.

On February 22, 1993, relator, Cincinnati Bar Association, filed a complaint alleging misconduct against respondent, Joseph W. Nienaber of Cincinnati, Ohio, Attorney Registration No. 0032085. The complaint alleged violations of DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation) and 7-102(A)(5) (false statement of law or fact knowingly made). Respondent's timely answer admitted most of the underlying facts, but denied that any disciplinary violations had occurred. These charges were heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on August 20, 1993.

The charges arose from respondent's court-appointed representation of an indigent Hamilton County criminal defendant. Following a court-approved trip to Sarasota, Florida, for a witness deposition, respondent submitted a travel expense voucher to the Hamilton County Auditor. Among the expenses listed were $894 in "transportation" expenses and $116.95 for a rental car. In submitting these items for reimbursement, respondent certified that "the expenses listed above have been incurred by me in the service of the County and include only such expenses as were necessary in performing that service, and to the best of my knowledge and belief are correct as stated."
Respondent also billed the county for eight hours' work for both September 21 and 22, 1991, and nine and one-half hours for September 20, 1991, for a total of twenty-five and one-half

hours.

It was later discovered that $596 of respondent's transportation expenses represented airfare to Florida for his wife and child. Respondent's rental car, moreover, was rented and used solely for the purpose of transporting respondent and his family to Disney World. As to his claimed billable hours, respondent admitted that he was at Disney World on September 21 and 22.

Respondent acknowledged at hearing that reimbursement for his family's airfare was inappropriate, and blamed its inclusion on the voucher on secretarial error. Respondent likewise claimed that the hourly billing for September 22 was an error in recordation and was intended to reflect billable time for September 23. He conceded, however, that he did not review the voucher after his secretary had prepared it, even though he knew that he was ultimately accountable for the document's accuracy.

Respondent defended his hourly expenses as to the September 21 as well as the rental car expense. As to the latter, respondent admitted that he had not rented the car until after the deposition was over and could not, therefore, assert that the deposition required it. He stated, however, that it was his belief that when travelling, a rental vehicle was always considered a "reasonable and necessary expense." He sought to justify the claimed billable hours for September 21 by asserting that they represented billable time lost due to the day's absence from his private practice that the deposition necessitated.

Respondent testified that the mistake was unintentional and without fraudulent intent. He also noted that he had repaid the disputed money.

A majority of the panel concluded that relator had failed to present clear and convincing evidence of either violation alleged. The dissenter felt that respondent had violated both rules, and recommended a six-month suspension from the practice of law.

The board adopted the panel's findings and conclusions of law in part, finding a violation of DR 7-102(A)(5) only. The board recommended a public reprimand and that the costs of the proceedings be taxed to respondent.

David T. Croall, Jack S. Healy and Edwin W. Patterson III, for relator.
John H. Burlew, for respondent.

Per Curiam. We adopt the board's findings of fact and conclusions of law. We do not, however, agree with the recommended sanction. In the case before us, respondent certified that the expenses enumerated in his travel voucher were incurred "in the service of the County and include[d] only such expenses as were necessary in performing that service. * * * " (Emphasis added.) In reality, however, respondent sought reimbursement from public funds of certain expenditures wholly unrelated to the defense of his client.

Finding a more severe sanction to be warranted, we hereby suspend respondent from the practice of law in Ohio for six months.

Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.